UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ALLSTATE INS. CO.,** | ) | **CASE NO. 1:14 CV 329** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | and |
| **ELECTROLUX HOME PROD., INC.,** | ) | **ORDER OF TRANSFER** |
| | ) | |
| Defendant. | ) | |

In 2012, a fire that started in the laundry room of the Canton, Mississippi home of Terrance Brown caused over $138,000 in damages. Brown's insurer, Plaintiff Allstate Insurance Co. ("Allstate"), paid for the damages. Allstate, which became subrogated to the rights of Brown, now alleges that the fire was caused by the defective design or manufacture of Brown's dryer, which was manufactured by Defendant Electrolux Home Products, Inc. ("Electrolux").

Pending before the Court is Defendant's Motion for Judgment on the Pleadings or in the Alternative To Transfer Venue. (**Doc #: 12** ("Motion").) For reasons explained below, the Court concludes that it does not have personal jurisdiction over Electrolux, and transfers the case to the U.S. District Court for the Southern District of Mississippi.

**I.**

According to the Complaint, an electric Frigidaire-model dryer manufactured by Electrolux caused the fire on Terrance Brown's property in Mississippi on February 15, 2012. (Doc#: 1 ("Comp.") ¶ 4.) After Allstate paid for the resulting damages, it became subrogated to the rights of recovery of its insured against Electrolux.

On February 14, 2014, Allstate filed this lawsuit against Electrolux and John Doe Companies 1-10 in the United States District Court for the Northern District of Ohio based on the Court's diversity jurisdiction. (Id. ¶ 2.) Allstate alleges that the fire occurred because Electrolux's dryer allowed foreign objects to escape the drum and contact the electric heating element while the dryer was in use, resulting in the ignition of combustibles within the dryer. (Id. ¶ 9.) Thus, Allstate asserts that Electrolux was negligent in placing a product into the stream of commerce that was defective in design (Count I), and Brown's dryer was defectively designed and manufactured by Electrolux (Count II).

On March 12, 2014, Electrolux filed an Answer. (Doc #: 4.) On March 25, 2014, the Court held a Case Management Conference ("CMC") at which time the parties agreed to hold a settlement conference on July 15, 2014. (Doc #: 10.) In preparation for the settlement conference, the parties agreed to conduct a limited amount of discovery with a cutoff date of June 30, 2014. (*Id*.)

Two months later, however, on May 23, 2014, Electrolux filed the pending Motion, challenging the Court's jurisdiction over its person and asking the Court to dismiss the case. (Doc #: 12.) In the alternative, Electrolux asks the Court to transfer the case to the Southern District of Mississippi, where the fire occurred and where most of the witnesses are located. (Id.)

With regard to factual allegations concerning the parties' citizenship, the Complaint asserts that Allstate is a Virginia corporation with its principal place of business in Illinois, and that Electrolux is a Delaware corporation with its principal place of business in Ohio. (Doc #: 1 ¶¶ 1, 2.) Electrolux, by its Answer, denies that its principal place of business is in Ohio, and

states that its principal place of business is in North Carolina. (Doc #: 4 ¶ 2.) Allstate also contends that Electrolux has waived a challenge to personal jurisdiction by submitting to jurisdiction in this district in previous cases. Finally, Allstate opposes transfer of venue to the Southern District of Mississippi.

## II.

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. *Royster v. Mohr*, No. 11 CV 1163, 2013 WL 827709 (S.D. Ohio Mar. 6, 2013) (citing *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979)). Thus, the Court must accept as true all well-pleaded material allegations of the plaintiff's complaint, and all reasonable inferences must be drawn in plaintiff's favor. *Id.* (citing *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). That said, a court may consider matters of public record in deciding a motion to dismiss (and, thus, a motion for judgment on the pleadings) without converting it to a motion for summary judgment.. *Northville Downs v. Granholm*, 622 F.3d 579 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007).) The Court may grant the motion only if the moving party is clearly entitled to judgment. (Id.)

## III.

### A.

In determining whether personal jurisdiction is proper in a diversity case, a district court must apply the law of the state in which it sits. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). Ohio courts have personal jurisdiction over a defendant if (1) personal jurisdiction is

conferred by its long-arm statute; and (2) the exercise of personal jurisdiction satisfies the due process requirements of the Fourteenth Amendment. *Conn v. Zakharaov*, 667 F.3d 705, 712 (6th Cir. 2012).

As a preliminary matter, Allstate asks the Court to ignore the fact that Electrolux moved its principal place of business from Ohio to North Carolina several years ago. However, it is a matter of public record that Electrolux began moving its principal place of business from Ohio to North Carolina in 2010 where its North American headquarters is now firmly located,[1] and Allstate concedes that Electrolux has in fact moved its principal place of business.[2] Yet Allstate contends that, to survive the pending motion, it need only make a *prima facie* showing of a factual dispute on this issue which, according to Allstate, the Court cannot resolve without a hearing. Since it is undisputed and a matter of public record that Electrolux has moved its principal place of business to North Carolina, Allstate's position is utterly meritless

### 1. Ohio's Long-Arm Statute

In Ohio, personal jurisdiction may be established under Ohio Rev. Code § 2307.382, the State's long-arm statute. Allstate does not allege that the dryer in question was designed or manufactured or sold to Terrance Brown in Ohio, the fire did not occur in Ohio and, although Electrolux generally conducts business in Ohio, it no longer resides here. Thus, the only relevant part of the long-arm statute that *may* confer jurisdiction over Electrolux's person provides:

---

[1] See http://www.secretary.state.nc.us/corporations/Corp.aspx?PitemId=4770823 (stating that Electrolux Home Products, Inc.'s principal office is located at 10200 David Taylor Drive, Charlotte, NC 28262-2373.) See also http://www2.sos.state.oh.us/pls/bsqry/f?p=100:2:0::NO:RP:: (stating that Electrolux Home Products, Inc. is a foreign corporation.)

[2] (See Doc #: 14, at 15.)

-4-

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> > (1) Transacting any business in this state;
> > . . .
>
> (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

O.R.C. § 2307.382.

Allstate contends that personal jurisdiction over Electrolux is conferred under Section (A)(1) because courts have interpreted this section broadly as providing that "transacting *any* business in Ohio is sufficient to establish personal jurisdiction." *OurPet's Co. v. PetEdge, Inc.,* No. 1:13 CV 1018, 2013 WL 481736, at *3 (N.D. Ohio Sep. 10, 2013) (emphasis in original). However, "[d]ue to the breadth of the phrase '[t]ransacting any business,' questions concerning the applicability of R.C. 2307.382(A)(1) . . . have been resolved on 'highly particularized fact situations, thus rendering any generalization unwarranted.'" *Clark v. Connor,* 82 Ohio St.3d 309, 312 (1998) (internal citations omitted).

Allstate relies solely on *OurPet's* to support its argument. Firstly, *OurPet's* is a district court case with no precedential value over this case. Secondly, *OurPet's* is factually distinguishable because it is a patent infringement case. In a patent infringement case, the injury occurs in every state in which the alleged infringing products are sold. In the instant case, the injury occurred in Mississippi where the fire occurred. Because the defendant in *OurPet's* actually sold the targeted products in Ohio, the court had personal jurisdiction over the defendant in Ohio.

In any event, the analysis does not end there "because Section (A)(1) is only satisfied where the cause of action 'arises from' the alleged contacts with Ohio" under Section (C). *Rosenberg v. ABF Freight Sys.,* No. 2:13 CV 651, 2014 WL 897906, at \*5 (S.D. Ohio Mar. 6, 2014) (citing O.R.C. § 2307.382(C) ("When jurisdiction over a person is based solely upon this section, only a cause of action *arising from* acts enumerated in this section may be asserted against them.")). Section (C) "requires that the defendant's actions in the state must be the *proximate cause* of the injury complained of." *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.,* 198 Fed. Appx. 425, 430 (6th Cir. 2006) (emphasis added); *Brunner v. Hampson* 441 F.3d 457, 465 (6th Cir. 2007); *Commercial Metal Forming v. Utils. Optimization Group, LLC*, No. 4:11 CV 228, 2011 WL 5023265, at \*2 (N.D. Ohio Oct. 19, 2011). Allstate cannot show that the injury to Terrance Brown arose from, or was proximately caused by, Electrolux's business transactions in Ohio.

The Court need not rest on an analysis of Ohio's long-arm statute to determine that personal jurisdiction over Electrolux is improper. The exercise of jurisdiction must also comport with due process. *See Rosenberg*, 2014 WL 897906, at \*6 ("Of course, if jurisdiction is not proper under the Due Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa."). *See also Calphalon Corp. V. Rowlette,* 228 F.3d 718, 721 (6th Cir. 2000) (dismissing for lack of personal jurisdiction solely on due process grounds). *Id.*

**2. Due Process**

To satisfy due process, Allstate must demonstrate that the Court has either (1) specific jurisdiction, which exists where a defendant's contacts with the forum gave rise to the plaintiff's claim; or (2) general jurisdiction, where the defendant's activity in the forum renders it "at

home" in that state. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 751 (2014). As previously noted, there are no allegations that Electrolux designed, manufactured or sold the subject dryer in Ohio, the fire did not occur in Ohio and, most importantly, Allstate does not contend that the Court has specific jurisdiction over Electrolux.

Rather, Allstate asserts that the Court has general jurisdiction over Electrolux. Remarkably, Allstate ignores *Daimler*, the Supreme Court's recent decision severely narrowing the scope of general jurisdiction. In doing so, Allstate cites outdated case law and fails to directly address Electrolux's argument. According to Allstate, Electrolux's contacts with Ohio are "continuous and systematic" so as to provide the basis for general jurisdiction, the same argument the Supreme Court rejected in *Daimler*. *Id*., 134 S.Ct. at 760-61.

In *Daimler*, the Supreme Court held that general jurisdiction is only proper in a state where the corporation's "affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum state." *Id.* at 751 (internal quotation marks omitted). The Court interpreted "at home" as, paradigmatically, the corporation's principal place of business and state of incorporation. *Id*. at 760. The Court further noted that a defendant's operations in a state other than its home state would have to be "so substantial and of such a nature as to render the corporation at home in the State" before general jurisdiction could be exercised; such a case would be exceptional. *Id.* at 761 n.19. "A corporation that operates in many places can scarcely be deemed to be at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' . . . ." *Id.* at 762 n.20.

Electrolux is incorporated in Delaware and its principal place of business is in North Carolina.[3] Absent a showing that Electrolux's operations in Ohio are more substantial than any other state in which it sells its products, this is not an exceptional case. Under *Daimler*, the exercise of personal jurisdiction over Electrolux in Ohio does not comport with due process.

**3.     Waiver**

Since Electrolux has submitted to personal jurisdiction in this district in prior cases, Allstate contends that it has forever waived any objection to personal jurisdiction here. But Allstate wisely acknowledges that in *OurPet's*, the only case it cites where this particular argument was raised, the court expressly failed to address the waiver issue because it was unnecessary – having concluded that the court held personal jurisdiction over the defendant. 2013 WL 4817365, at *2.

Next, Allstate argues that Electrolux has waived an objection to personal jurisdiction by virtue of its conduct in this case, citing *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011). In *Gerber*, the Sixth Circuit explained that, in deciding whether a defendant has waived jurisdiction, the court must determine whether any of the defendant's appearances and filings constitute legal submission to the jurisdiction of the court. 649 F.3d at 519. Furthermore, only those submissions, appearances and filings that give plaintiff a reasonable expectation that a defendant will defend the case on the merits, or cause the court to go to some effort that would

---

[3] The Supreme Court has defined a corporation's principal place of business as its "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities. In practice it should normally be the place where the corporation maintains its headquarters . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

be wasted if personal jurisdiction is later found lacking, will result in waiver. *Id*. (citation omitted). The Court finds *Gerber* both quantitatively and qualitatively distinguishable.[4]

In *Gerber*, the defendants filed a notice of appearance 2 ½ years before filing their motion to dismiss for lack of personal jurisdiction. During that interval, the parties acrimoniously litigated defendants' motion to vacate entry of default, defendants' motion to stay litigation pending arbitration pursuant to the parties' contract, the location of the arbitration, whether/not the arbitration was successful, whether/not there was a settlement and, if so, whether it should be enforced – not to mention the defendants' participation in a CMC and four or five other pretrial conferences.

Here, prior to Electrolux filing the pending motion, it raised its objection to jurisdiction in its answer, after which the Court held a CMC resulting in the scheduling of a settlement conference and allowing a limited amount of discovery in preparation for that conference. The lapse of time between the filing of Electrolux's answer to the filing of its jurisdictional motion was just over three months. This is a relatively insignificant period of time when compared to *Gerber*.

In sum, the Court finds that Electrolux has not waived its challenge to personal jurisdiction based on its litigation of prior cases in this district, or by its litigation conduct in this case to date.

---

[4]*Gerber* is momentarily problematic because of its holding that the filing of a notice of general appearance by defense counsel constitutes a waiver of objection to personal jurisdiction. However, cases following *Gerber* have declined to interpret it so narrowly and require the consideration of "all the relevant circumstances" when determining waiver. *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012). *See also Pravettone v. Cargotec Oyj*, No. 13-CV-117162013 WL 3936467, at *5 (E.D. Mich. Jul. 31, 2013); *Allor v. ECA Mktg., Inc.*, No. 2:13 CV 11142, 2013 WL 6801123, at *2 n.2 (E.D. Mich. Dec. 23, 2013); *Beta Corp, Ltd. v. Peacock*, No. 3:12 cv 1045, 2014 WL 809211, at *3-4 (N.D. Ohio Feb. 28, 2014).

**B.**

Because Allstate has paid the filing fee, the Court is not inclined to dismiss the case for lack of personal jurisdiction as Electrolux asks – bringing into play its alternative request to transfer venue to the Southern District of Mississippi.

Under 28 U.S.C. § 1404(a):

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under 28 U.S.C. § 1391(a), a civil action based on diversity jurisdiction may be brought only in (1) a district in which a defendant resides, or (2) a district in which a substantial part of the events or omissions giving rise to the claims occurred.  Under 28 U.S.C. § 1391(c), Electrolux is deemed to reside in any judicial district in which it is subject to personal jurisdiction.  Electrolux is not subject to personal jurisdiction in Ohio under the facts of this case.  Because the events giving rise to Allstate's claims occurred in Mississippi, Electrolux is subject to personal jurisdiction there.

In determining whether to transfer venue to Mississippi, the Court must consider factors such as the plaintiff's choice of forum, the convenience to the witnesses and their amenability to process, and various public concerns.  Allstate argues that its choice of venue should be given substantial weight.  However, when a plaintiff has little or no connection to the chosen forum, "the plaintiff's reason for choosing the forum – and remaining in the forum – is diminished and thus should be given less weight."  *See, e.g., U.S. v. Cinemark USA, Inc.*, 66 F.Supp.2d 881, 889 (N.D. Ohio 1000).  Allstate is a Virginia corporation with its principal place of business in Illinois.  Electrolux is a Delaware corporation with its principal place of business in North

Carolina. Other than both parties generally conducting business in Ohio, the only tangible connection to Ohio today is the location of the parties' lawyers. That's it. Thus, while it has been more convenient for the parties to litigate these Electrolux product-liability cases in Ohio in the past (i.e., when Electrolux Home Products, Inc. was headquartered in Cleveland and during the pendency of its move to North Carolina), that basis for venue here no longer exists.

Allstate argues that Mississippi is not very convenient for all the witnesses as the adjusters, the experts, and the dryer (which is currently being tested in Massachusetts) are all located in states other than Mississippi. That, too, does not make Ohio a more convenient venue for anyone but the lawyers.

Since the fire occurred in Mississippi where most of the fact witnesses are located and amenable to process, the Court concludes that the balance of convenience tips heavily toward, and the only venue that makes sense under the circumstances is, the Southern District of Mississippi.

### IV.

For all these reasons, the Court concludes that it does not have personal jurisdiction over Electrolux Home Products, Inc. in this district, and **GRANTS** Defendant's alternative request to **TRANSFER** the case to the U.S. District Court for the Southern District of Mississippi.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     July 19, 2014*
**Dan Aaron Polster**
**United States District Judge**